In Equity.

Lucy C. Farnsworth, Admx.,

*vs.*

George F. Whiting, et als.

Knox.    Opinion June, 1910.

*Equity. Appeal. Decree. Revised Statutes, chapter 79, section 22.*

Equity rule No. XXVIII of the Supreme Judicial Court, authorizing an appeal from a single Justice's decree entered on a decision of the law court on appeal, and Revised Statutes, chapter 79, section 22, requiring him to enter a decree according to such decision, does not prevent a decree on affirmance from containing elements not in the original decree, though the decree must follow the mandate, which the Justice cannot enlarge, limit, or modify, it being proper to enter such decree as will effectuate the court's decision ; and hence a decree, on affirmance of a decree finding that defendants owned securities sued for by plaintiff as administratrix, properly required plaintiff to transfer and indorse the securities and to pay over money collected during the litigation as interest or dividends.

In equity.    On exceptions by plaintiff.    Overruled.

The bill of exceptions states the case as follows :

"In the above entitled cause, after an appeal by the plaintiff from the final decree on file, the law court certified its decision upon such appeal that decree be affirmed with costs upon appeal. Now,

a decree having been entered therein on the twenty-fifth day of May, A. D. 1910 by a single justice in accordance with said certificate and the opinion of the law court, the plaintiff alleges that she has agreed to the form of such last named decree and within ten days after the entering of said decree as aforesaid now takes exceptions thereto as follows :

"FIRST. Because the words 'and extended to conform with the issues raised, the evidence and judgment of the Court on such appeal' are not warranted by the terms of the decision so certified.

"SECOND. That Item third in the final decree now excepted to is not included within the terms of the final decree ordered to be affirmed by the law court and that said final decree so `affirmed contains no provisions relative to the endorsement or transfer of title of the personal property and securities designated in said item third, nor anything whatever so in relation thereto.

"THIRD. That Item fourth in the final decree, to which exceptions are now taken, relates to a subject matter not referred to or included in the final decree ordered to be affirmed by the law court.

The decree to which the exceptions relate, omitting formal parts, is as follows:

"This case came on to be heard, after an appeal by the plaintiff from a final decree on file, and was argued by counsel.

"Thereupon, upon consideration, it is adjudged and decreed as follows :

"1st. That said final decree be and is hereby affirmed and expanded to conform with the issues raised, the evidence, and judgment of the court on said appeal.

"2nd. That James R. Farnsworth, the donor, after the death of his wife, Helen A. Farnsworth, to wit, on the sixth day of May, A. D., 1905, at his dwelling house in Rockland, did give to George F. Whiting, one of said defendants, all of the personal property and securities enumerated and described in paragraph 3 in the plaintiff's bill, to be equally divided between said George F. Whiting and his sister Isabella A. Martin, as stated in defendants' answer.

"3rd. It is further ordered and decreed that the plaintiff Lucy C. Farnsworth, Administratrix with the will annexed of the estate of

the said James R. Farnsworth, shall on presentation, endorse and legally transfer all her apparent title or semblance to title or interest as administratrix in said personal property and securities hereinafter designed, to wit: (List omitted in this report.)

"4th. It is further ordered and decreed that the said Lucy C. Farnsworth, administratrix, pay to the defendants, their attorneys of record or either of them, all sums of money collected, as interest, or dividends on any and all of the above named securities, together with lawful interest on all such sums, from the time of the reception of the same to the time of payment as herein provided.

"5th. A single bill of costs to be taxed for defendants."

See *Farnsworth, Admx.*, v. *Whiting*, 104 Maine, 488, also same case, 106 Maine, 430.

*Heath & Andrews*, for plaintiff.

*David N. Mortland, Rodney I. Thompson, and Arthur S. Littlefield*, for defendants.

SITTING: EMERY, C. J., PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J. This case is before the Law Court upon plaintiff's exceptions to the final decree entered in the above entitled cause under date of April 26, 1910, and involves the construction of Equity Rule No. 28.

The original suit in equity was brought to recover certain personal property in the possession of the defendants but alleged to belong to the plaintiff in her representative capacity, the property consisting of promissory notes, with bills of sale and insurance policies given as security therefor, certificates of stock, bonds and a dividend check. An issue of fact was framed for the jury as to whether the plaintiff's intestate, before his death, had given to the defendants the personal property in question and the jury found that he had. Thereupon the sitting Justice signed a decree affirming the finding of the jury and decreeing that "all said property is now the property of said Whiting and Martin." The plaintiff carried the case to the Law Court on appeal where the finding as to this particular property was sustained and the decree of the sitting Justice was

affirmed with costs. Thereupon a decree was filed and signed in accordance with the decision of the Law Court and it is to this decree that the plaintiff excepts.

The ground of exception is that the decree, excepted to, contains "various provisions requiring the plaintiff to transfer and endorse certain securities and to pay over any sums of money she may have collected during litigation by way of interest, or dividends," the plaintiff contending that the decree should contain simply the words of the former decree and should embrace no elements not contained therein. Such a construction of Revised Statutes, chapter 79, section 22, and of equity rule No. 28, is altogether too narrow. It is true, as decided in *Whitney* v. *Johnston*, 99 Maine, 220, that the decree must follow the mandate and that a single Justice cannot enlarge or limit or modify the scope of the mandate or hinder or delay its execution. But it is also true, as stated in the same opinion, that while he should enter a decree in accordance with the mandate, he may no doubt issue subsidiary process, if necessary, to enforce such decree. In other words, a single Justice should sign such a decree as will effectuate the decision of the court and give to the prevailing party such remedy as the court decides he is entitled to. In the case at bar the court has decided that the property in question belongs to the defendants. To simply enter a decree to that effect while the nominal title still rests in the plaintiff, would be but one step in securing to the defendants their rights. It would decide that the defendants were entitled to the property but could not have it unless another bill in equity were brought to compel the transfer. This would be a useless formality and a court of equity cannot be so impotent. The last decree simply carries into effect the first. It is a mere corollary. It does not attempt to go outside the scope of the mandate but to effectuate it.

It is the opinion of the court that these exceptions should be overruled with treble costs.

*Exceptions overruled.*