STATE of Maine

v.

Ernest ALLARD.

Supreme Judicial Court of Maine.

Argued March 21, 1989.

Decided May 2, 1989.

James E. Tierney, Atty. Gen., Charles K. Leadbetter, Garry Greene (orally), Eric Wright, Asst. Attys. Gen., Augusta, for the State.

Thomas J. Connolly (orally), Portland, Martin Schindler, Scarborough Law Offices, Scarborough, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, Ernest Allard, was indicted on two alternative counts of murder in the death of Lisa Scott.[1] The jury found him not guilty of the murder charges, but guilty of the lesser included offenses of manslaughter, 17–A M.R.S.A. § 203(1)(A) (1983), following a trial in the Superior Court (Cumberland County; *Perkins, J.*). The court entered two convictions for manslaughter, and sentenced Allard to two concurrent sentences of imprisonment of twenty years for each conviction.

On appeal, Allard challenges the trial court's denial of his motion for a mistrial. We find no error in the court's refusal to grant a mistrial, and after modifying the judgment to reflect a single conviction and one sentence for that conviction, we affirm.

I.

During the trial, a juror who was not designated as an alternate juror informed the court that he had been contacted by a Portland police officer, an evidence technician who had testified as a witness in the case. The court questioned the juror in chambers and later questioned the officer. The officer is married to the juror's niece. The court's inquiry disclosed that the officer telephoned the juror to tell him that after the officer testified, he had told the prosecutor about his relationship to the juror and that the prosecutor indicated that he, the prosecutor, would notify the court and that the court might, as a result, remove the juror from the jury panel.[2] The

court found that neither the juror's impartiality nor fairness was affected by the contact, but offered to consider removing the juror from the panel upon either party's request.[3] Allard rejected the alternative of removing the juror, but instead moved for a mistrial. Allard contends that the denial of his motion for a mistrial constitutes an abuse of the court's discretion.

A motion for a mistrial is addressed to the sound discretion of the trial court. *State v. Mason*, 528 A.2d 1259, 1260 (Me. 1987). The decision of the court is awarded great deference, *State v. Henderson*, 435 A.2d 1106, 1108 (Me.1981), and will be reviewed on appeal only for an abuse of discretion. *Id.; State v. Mishne*, 427 A.2d 450, 453 (Me.1981).

We have repeatedly stated that a motion for a mistrial should be granted only in the rare case when the trial cannot proceed to a fair and impartial result and when no remedial measures short of a new trial will satisfy the interests of justice. *Mason*, 528 A.2d at 1260; *State v. Baker*, 423 A.2d 227, 231 (Me.1980).

As a general rule, any contact outside the courtroom between a witness and one or more jurors is deemed to be "presumptively prejudicial." *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). The presumption is not conclusive, but the State has the burden to establish that the contact was harmless to the defendant. *Id.* If the contact between a witness and a juror is harmless, a mistrial is not required. *United States v. Williams*, 822 F.2d 1174, 1189 (D.C.Cir.1987). Among the factors to be considered by the trial court in assessing the impact of witness contact with a juror are the nature and duration of the communication, whether it related to the substance of the case, and its impact on the

---

1. Count I charged Allard with intentionally or knowingly causing the death of Lisa Scott in violation of 17–A M.R.S.A. § 201(1)(A) (1983). Count II charged, in the alternative, that Allard engaged in conduct which manifested a depraved indifference to human life and caused the death of Lisa Scott in violation of 17–A M.R.S.A. § 201(1)(B) (1983 & Supp.1988). The

jury found him guilty of the lesser included offense of manslaughter on each count. *See infra* note 4.

2. During the jury voir dire, the juror had disclosed his relationship to the witness.

3. There were two alternate jurors.

contacted juror and other members of the jury. *Id.* at 1188–89; *United States v. Hines,* 696 F.2d 722, 731 (10th Cir.1982).

■ Here, the court's comprehensive inquiry disclosed that the contact between the police officer and the juror was brief and not concerned with the substance of the case. The court's finding that the juror's impartiality was not affected and that there was no harm to Allard is not clearly erroneous. *Mason,* 528 A.2d at 1260.

Allard argues that the juror contact was deliberate and not inadvertent, but he does not allege prosecutorial bad faith or that the contact was intended to impermissibly influence the trial process. To accept Allard's contention that he was entitled to a mistrial as a matter of law would require us to adopt a rule that any contact with a juror by an agent of the State would create an irrebuttable presumption of prejudice and require the granting of a mistrial. Although contact with a juror by an agent of the State is highly improper and cannot be condoned, we decline to adopt such an inflexible per se rule.

The trial court made a careful inquiry and concluded that there was no prejudice. Moreover, Allard declined to request the court to remove the juror with whom the contact was made. *See Baker,* 423 A.2d at 231. The court's refusal to grant a mistrial was not an abuse of discretion. *Williams,* 822 F.2d at 1189.

## II.

■ Provided it does not act in bad faith, the State can prosecute a defendant for one offense under alternative theories of criminal responsibility. *State v. Hickey,* 459 A.2d 573, 578, 581 (Me.1983). In this case, the State prosecuted Allard for a single homicide using two alternative theories of murder: intentional and knowing murder (17-A M.R.S.A. § 201(1)(A)) and depraved indifference murder (17-A M.R.S.A. § 201(1)(B)), specifically permitted under

*Hickey,* 459 A.2d at 578. The jury was instructed on and considered both theories, and found Allard guilty of the lesser included offense of manslaughter, 17-A M.R.S.A. § 203(1)(A), under both alternative theories.[4]

The court entered separate judgments and imposed separate concurrent sentences of twenty years as to each conviction of manslaughter. The State concedes that the imposition of two, although concurrent, sentences for each manslaughter conviction is not authorized by statute and is unlawful. *See* 17-A M.R.S.A. §§ 203(3) & 1252(2)(A). *See also State v. Hopkins,* 526 A.2d 945, 950 (Me.1987).

It is not only the dual sentences for the single homicide that are unlawful, however. More than one conviction for the single offense is prohibited as a violation of Allard's double jeopardy rights under the Maine (art. I, § 8) and United States (amend. V) Constitutions. *Ball v. United States,* 470 U.S. 856, 864–65, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985); *O'Clair v. United States,* 470 F.2d 1199, 1203–04 (1st Cir.1972), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973); *State v. Thornton,* 540 A.2d 773, 777 (Me.1988); *State v. Poulin,* 538 A.2d 278, 279 (Me. 1988).

When the State properly charges and the jury properly considers and finds a defendant guilty under alternative theories of a *single* homicide, the guilty verdicts on each alternative theory must be merged into a single conviction and only one sentence may be imposed for that conviction. In this case, the single manslaughter conviction may be upheld under 17-A M.R.S.A. § 203(1)(A) as either a reckless or criminally negligent manslaughter.[5] Since the State has proved Allard guilty beyond a reasonable doubt of a single act of manslaughter under either theory, the State is entitled to rely on either theory to uphold the single conviction.

---

**4.** Criminally reckless or negligent manslaughter is a lesser included offense of intentional or knowing murder. 17-A M.R.S.A. § 13-A(2) (B)(1983). *See also State v. Cote,* 362 A.2d 174, 177 (Me.1976) makes criminally negligent man-

slaughter a lesser included offense of depraved indifference murder.

**5.** *See supra* note 4.

The entry is:

Judgment modified to reflect a single conviction of manslaughter with a sentence of a term of imprisonment of twenty years, and, as modified, affirmed.

All concurring.