Janice **MEINERS**

v.

**AETNA CASUALTY & SURETY CO.**

Supreme Judicial Court of Maine.

Argued June 20, 1994.

Decided July 28, 1994.

David M. Glasser (orally), Linconville, for plaintiff.

James M. Bowie (orally), Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

LIPEZ, Justice.

This case comes to us on an order of the Superior Court (Waldo County, *Kravchuk, J.*) granting Aetna Casualty & Surety Company's request for a report of an interlocutory ruling pursuant to M.R.Civ.P. 72(c).[1] The court denied Aetna's motion for a summary judgment seeking a determination that it had properly denied liability coverage to Gail Welch for bodily injury to Janice Meiners pursuant to the terms of its policy. We agree with Aetna that an unambiguous exclusion endorsement in its insurance policy issued to Meiners and Welch precluded insurance coverage for Welch for bodily injury to Meiners, and therefore we vacate the judgment and remand for entry of the summary judgment in favor of Aetna.

In March or April 1986 housemates Meiners and Welch of Searsport purchased a car. Meiners's automobile liability insurance policy issued by Aetna was amended in April 1986 to include both Welch and Meiners as the "named insured." This joint automobile liability insurance policy issued to "Janice R. Meiners & Gail Welch" resulted in reduced premiums to Meiners and Welch.

In September 1986 Aetna adopted a standard exclusion ("Exclusion Endorsement 17333") for all intra-family coverage in Maine, apparently in response to the erosion of the family immunity doctrine in this state, providing:

**LIABILITY COVERAGE**

The following exclusion is added to Part A, Section A, of **EXCLUSIONS:**

We do not provide Liability Coverage for any person:

For bodily injury:

a.  to a person related to that person by blood, marriage or adoption who is a

resident in that person's household; or

b.  to you.

In September 1987 Meiners was a passenger in the jointly owned car driven by Welch who ran a red light, causing a collision with another car and permanent injury to Meiners. When Meiners sought recovery from Welch, Aetna denied coverage for the claim and refused to provide a defense to Welch in light of Exclusion Endorsement 17333. Meiners brought suit against Welch, who did not respond or defend. Meiners obtained a default judgment and a jury verdict for damages of $750,000.

After reaching an agreement with Welch, whereby Welch assigned any claim she might have against Aetna to Meiners, Meiners brought a reach and apply action against Aetna, pursuant to 24–A M.R.S.A. § 2904 (1990). Aetna's motion for a summary judgment was denied on the ground that the exclusion clause was ambiguous and therefore must be construed against the insurer. The court then granted Aetna's motion to report the case to this Court.

"A[n insurance] policy is ambiguous if an ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as the [one being] brought." *Allstate Ins. Co. v. Elwell*, 513 A.2d 269, 271 (Me.1986). In the instant policy, the endorsement states in pertinent part that Aetna will not provide liability coverage "for any person ... for bodily injury ... to you." The word "you" is defined in the policy as the listed "named insured." Meiners is clearly designated as a named insured on the policy's declarations page and therefore she is expressly and unequivocally excluded from bringing a claim for her own bodily injuries under the exclusion endorsement, even if her injury was caused by another named insured under the policy. *Cf. Hunnewell v. Liberty Mut. Fire Ins. Co.*, 588

---

1.  The rule provides:

> If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved

> party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

M.R.Civ.P. 72(c).

A.2d 300, 301 (Me.1991) (standard endorsement stating that the insurer does not provide "liability coverage for any person for bodily injury to you or to any family member" is unambiguous).

Meiners argues that Aetna's denial of coverage on this basis is inconsistent with the scope of coverage extended to Welch, also a named insured under the policy. This argument ignores the fact that the Aetna policy already contains limits on the coverage extended to Welch for injuries caused to third persons who are family members living in the same household. That denial of coverage to Welch is based on the relational status to Welch of the person injured. Although the denial of Meiners's claim is based on her own status as a named insured under the Aetna policy, there is nothing novel or inconsistent in Aetna's denial of coverage to Welch because of the status of the person injured.

The entry is:

Judgment vacated. Remanded for the entry of a judgment in favor of Aetna Casualty & Surety Company.

All concurring.