**Janice MEINERS**

v.

**AETNA CASUALTY & SURETY COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 1, 1995.

Decided July 25, 1995.

David M. Glasser, Lincolnville, for plaintiff.

Elizabeth G. Knox, Thompson & Bowie, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Janice Meiners appeals from a judgment entered in the Superior Court (Waldo County, *Kravchuk, J.*) and from the denials of her motion to amend the judgment pursuant to

M.R.Civ.P. 59(e) and her motion for relief from the judgment pursuant to M.R.Civ.P. 60(b)(6). Because the Superior Court did not misinterpret our mandate in *Meiners v. Aetna Casualty & Sur. Co.*, 645 A.2d 9 (Me. 1994) (hereinafter *Meiners I*) and did not abuse its discretion in denying the post-judgment motions, we affirm the judgment.

The facts in this case are set forth in *Meiners I* in which we held that Aetna's automobile insurance policy unambiguously excluded coverage for the damage caused to Janice Meiners, a named insured, by Gail Welch, another named insured. The Superior Court had found the provision ambiguous and Aetna persuaded the court to report the case to us pursuant to M.R.Civ.P. 72(c).[1] In support of its motion to report, Aetna argued that if we found the provision to be unambiguous, "this case would be finally resolved and the parties would save the tremendous expense and time which will be required if the entire case is tried only to have this issue presented to the Law Court following trial." Aetna also asserted that Meiners joined in its motion to report the case. Meiners did not object to Aetna's motion nor the assertion contained therein.

The Superior Court granted Aetna's motion stating that

[T]he sole contested issue between the parties is whether the insurance policy in question is ambiguous. Since the resolution of this legal question has the potential to dispose of this case and both parties agree to this motion, this Court is of the opinion that the issue ought to be finally determined by the Law Court before any further proceedings are taken.

Based on the certification of the Superior Court, we heard the interlocutory appeal, concluded that the policy exclusion was unambiguous, and directed the trial court to enter a judgment in favor of Aetna.

---

1. M.R.Civ.P. 72(c) provides that "if the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein."

After remand Meiners filed a motion to amend or vacate the judgment, contending that our mandate did not require the entry of a final judgment in favor of Aetna or, alternatively, that because there remained unresolved issues of fact that should be determined by the trial court, she was entitled to relief from the judgment pursuant to M.R.Civ.P. 60(b)(6). Aetna argued that Meiners had waived her right to present additional factual arguments by failing to object to Aetna's motion and the trial court's certification, and by failing to alert this Court to their existence. The court agreed with Aetna and Meiners appeals.

■ As a threshold matter, we reject Meiners's contention that the trial court on remand should have directed the entry of only a partial summary judgment in favor of Aetna and permitted Meiners to pursue her factual arguments in a trial. In *Meiners I,* we mandated the entry of a judgment in favor of Aetna and the trial court had no authority to alter our mandate. Accordingly, the trial court properly entered the judgment in favor of Aetna.

Meiners also contends that the trial court abused its discretion by denying her request for post-judgment relief pursuant to M.R.Civ.P. 60(b)(6). Meiners contends that once the trial court issued a judgment in her favor on only one of her legal grounds for summary judgment, she had no duty to pursue before the trial court factual arguments she made in opposition to Aetna's original request for a summary judgment and, notwithstanding the court's characterization of the issue on report as being the only issue in dispute, she had no obligation to challenge that assertion before this Court. We disagree.

■ M.R.Civ.P. 60(b)(6) provides that on such terms as are just, the court may relieve a party from a final judgment for any reason "justifying relief from the operation of the judgment." Although Rule 60(b) has been characterized as a "grand reservoir of equitable power to do justice in a particular case," Field, McKusick & Wroth, *Maine Civil Practice,* § 60.11 (1970), this Court has held that the catch-all clause of 60(b)(6) must be applied in the exercise of sound judicial discre-

tion. *Reville v. Reville,* 370 A.2d 249, 253 (Me.1977). Accordingly, we review the trial court's decision to deny relief pursuant to Rule 60(b) for an abuse of discretion. *McKinley v. McKinley,* 651 A.2d 821, 823 (Me.1994).

In the context of reporting cases to the Law Court pursuant to Rule 72, we have consistently emphasized our strong policy against piecemeal appellate review for "it often is not an efficient use of total court resources to report the case to the Law Court merely on the chance that its decision may turn out to be the one that finally disposes of the case." *State v. Placzek,* 380 A.2d 1010, 1013 (Me.1977). In reporting its ruling on the ambiguity of the policy exclusion, the trial court was first required to decide, pursuant to Rule 72(c), whether the issue "ought" to be finally determined by the Law Court. In making its decision to report, the Superior Court should "be convinced that the interests of justice and particularly 'the just, speedy and inexpensive determination' of the action (Rule 1) will be served by the interlocutory decree." Field, McKusick & Wroth, *Maine Civil Practice,* § 72.6 (1970). Although the reporting of an interlocutory issue is not strictly limited to those cases in which a decision by the Law Court would, in at least one alternative, dispose of the action, certainly this fact would be relevant to the trial court in assessing whether to report an issue pursuant to Rule 72(c) and to us in deciding whether to accept the report.

■ Indeed, the foundation for reporting this case to the Law Court was the assertion by Aetna, undisputed by Meiners, that the legal issue of ambiguity was the sole contested issue remaining between the parties and that a disposition of the issue by the Law Court had the potential to dispose of the case. Aetna's representation was central to the trial court's decision to report the case. Not only did Meiners fail to object to this characterization of the case by Aetna and the trial court, she also failed to raise before us the factual issues she now claims precluded a summary judgment in Aetna's favor. Had she raised those issues we would have been compelled to decide whether to address

them, to agree with the trial court, or to discharge the report.

Meiners should have challenged in the trial court the basis for Aetna's motion or the court's certification on report, or, at the very least, she should have argued before us the existence of the factual issues precluding a summary judgment. Instead, Meiners not once, but on three separate occasions failed to preserve her factual claims.

The entry is:

Judgment affirmed.

All concurring.