2005 ME 55

**STATE of Maine**

v.

**Michael PATTERSON.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 3, 2005.

Decided: April 22, 2005.

Norman R. Croteau, District Attorney, Richard R. Beauchesne, Asst. Dist. Atty., Joseph M. O'Connor, Asst. Dist. Atty., South Paris, for State.

Thomas S. Carey, Esq., Curtis J. Rice, Esq., Carey & Associates, Rumford, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] Michael Patterson appeals from a judgment of conviction for assault, 17–A M.R.S.A. § 207(1)(A) (Supp.2004) (Class D), entered in the District Court (Rumford, *McElwee, J.*). In a prior appeal we vacated Patterson's conviction and remanded the case for the trial court to clarify its findings of fact and conclusions of law regarding Patterson's defense of property defense pursuant to 17–A M.R.S.A. § 105 (1983). *See State v. Patterson,* 2004 ME 79, 851 A.2d 521. Patterson contends that the court (1) failed to comply with our mandate to clarify its findings and conclusions, and (2) improperly denied his subsequent request for additional findings of fact. We agree and vacate the judgment and remand for the court to clarify its findings.

I. CASE HISTORY

[¶ 2] Patterson was charged with one count of assault arising from two incidents involving him and his girlfriend, who resided with him in his home. *Id.* ¶ 2, 851 A.2d at 521–22. The incidents transpired during an argument after the girlfriend rubbed a piece of pizza on carpeting that Patterson had recently purchased. *Id.* ¶¶ 3–4, 851 A.2d at 522. The first incident occurred when Patterson picked his girl-

friend up off the carpet, carried her out of the house, and placed her on the pavement at the bottom of the steps. *Id.* ¶ 3, 851 A.2d at 522. The second incident occurred when he subsequently restrained his girlfriend, who had reentered the apartment, by holding her to the floor after she threatened to leave and commit suicide. *Id.* ¶ 4, 851 A.2d at 522.

[¶ 3] After a bench trial, the court concluded that the second incident was justified because of the girlfriend's threat to commit suicide, but convicted Patterson for the first incident. *Id.* ¶¶ 7, 9, 851 A.2d at 522–23; *see also* 17–A M.R.S.A. § 106(6) (1983). Patterson asserted, and the court rejected, his defense of property defense pursuant to section 105. *Patterson,* 2004 ME 79, ¶¶ 6–7, 851 A.2d at 522–23. According to section 105, "[a] person is justified in using a reasonable degree of nondeadly force upon another when and to the extent that he reasonably believes it necessary to prevent what is or reasonably appears to be ... criminal mischief." 17–A M.R.S.A. § 105. Criminal mischief occurs when a "person intentionally, knowingly or recklessly ... [d]amages or destroys the property of another, having no reasonable grounds to believe that the person has a right to do so." 17–A M.R.S.A. § 806(1)(A) (Supp.2004).

[¶ 4] Patterson appealed from his conviction, and we vacated the District Court's judgment and remanded the case for the court to clarify its findings of fact and conclusions of law:

> Because the conflicting statements of the court make it impossible for us to ascertain whether the court found that Patterson failed to provide sufficient evidence to generate the section 105 defense, or whether it concluded that the defense could not be applied as a matter of law, and because a defendant is entitled to a decision of the court based on the record, we must vacate and remand to allow the court to make clear its findings of fact and conclusions of law.

*Patterson,* 2004 ME 79, ¶ 16, 851 A.2d at 525 (citations omitted).

[¶ 5] After receiving our mandate, the trial court reinstated its judgment and issued a brief order that states:

> On remand from the Law Court (2004 ME 79, 851 A.2d 521), it is specifically found that at trial on 9/16/03 this court in fact *applied* and *rejected* defendant's 17–A M.R.S.A. § 105 defense of property defense. This court *did not* conclude that the defense could not be applied as a matter of law.

In a footnote, the court acknowledged that its findings contained some ambiguities. The court went on to explain that "the *shared use* of the carpet among [Patterson], the victim, and their children, by their cohabitation, was a factor the court considered, among others, in rejecting [Patterson's] defense of property defense."

[¶ 6] Patterson subsequently requested that the court issue findings regarding his section 105 defense as to whether it was "unreasonable for [him] to believe that [the girlfriend], if allowed to continue rubbing pizza into the carpet, might intentionally, knowingly or recklessly cause damage to his property" and whether the level of force used by him was unreasonable. The court denied Patterson's request, stating that "[t]he court's verdict stands on the facts stated from the bench on 9/16/03, as supplemented by its order of 8/25/04." This appeal followed.

## II. DISCUSSION

[¶ 7] The court's order on remand clarifies that it had previously considered and rejected Patterson's section 105 defense and that it had not concluded that the defense could not be applied as a matter of

law. The order fails, however, to clarify the findings upon which its rejection of the defense was based.

 [¶ 8] In its trial findings, the court stated that the girlfriend's "actions with regard to the pizza [did not] rise to the level of criminal mischief for the purpose of a criminal statute." *Id.* ¶ 7, 851 A.2d at 523. This conclusion does not address the elements of section 105 that concern whether Patterson used (1) "a reasonable degree of nondeadly force"; (2) "to the extent that he reasonably believe[d] it necessary"; (3) "to prevent what ... reasonably appear[ed] to be ... criminal mischief." 17–A M.R.S.A. § 105. Section 105 employs objective criteria that are not disposed of by finding that the victim's actions did not, as a matter of law, constitute criminal mischief. In addition, a defense cannot lower the mens rea requirement of a crime, and the State must disprove the existence of the defense beyond a reasonable doubt. *See* 17–A M.R.S.A. § 101(1) (Supp.2004); *see also State v. Smith,* 472 A.2d 948, 951 (Me.1984). Because recklessness is the minimum required mens rea requirement for assault pursuant to 17–A M.R.S.A. § 207(1)(A), the State was required to prove beyond a reasonable doubt that Patterson's beliefs that led to his actions "when viewed in light of the nature and purpose of [his] conduct and the circumstances known to [him], [were] grossly deviant from what a reasonable and prudent person would believe in the same situation." 17–A M.R.S.A. § 101(3) (Supp.2004); *see also Smith,* 472 A.2d at 951; Alexander, *Maine Jury Instruction Manual* § 6–60 at 6–89 (4th ed.2004).

▪ [¶ 9] Considered in light of our mandate to "make clear its findings of fact and conclusions of law" and Patterson's request for specific findings regarding the reasonableness of his belief and the reasonableness of the degree of force he employed, the court's failure to render findings regarding the section 105 defense constitutes an unsustainable exercise of its discretion. *See Farnsworth v. Whiting,* 106 Me. 543, 546, 76 A. 942, 943 (1910) (stating that on remand, the trial court must adhere to this Court's mandate and "effectuate the decision of the court").

The entry is:

Judgment vacated and remanded to the District Court for further proceedings consistent with this opinion.