MAINE SUPREME JUDICIAL COURT                Reporter of Decisions
Decision:    2017 ME 217
Docket:      Pen-17-49
Argued:      October 25, 2017
Decided:     November 28, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

MICHAEL MARTINELLI

MEAD, J.

[¶1]  Michael Martinelli appeals from an order entered by the trial court (Penobscot County, *Lucy, J.*) denying his motion to dismiss a complaint charging him with operating under the influence (OUI) (Class D), 29-A M.R.S. § 2411(1-A)(C)(1) (2016).  He contends that, because he had already been convicted after a jury trial on a complaint containing the identical charging language, forcing him to stand trial on the complaint at bar would violate his constitutional rights to be free from double jeopardy.  U.S. Const. amend. V; Me. Const. art. I, § 8.  We conclude that Martinelli's double jeopardy protections are not implicated on these facts and affirm the order.

## I. BACKGROUND

[¶2]  The procedural facts are not disputed.  On September 18, 2015, the State charged Martinelli with OUI (Class D), alleging a violation of 29-A M.R.S. § 2411(1-A)(C)(1), in a complaint assigned docket number PENCD-CR-2015-03461 (hereinafter 3461).  The complaint alleged:

> On or about May 6, 2015, in Bangor, Penobscot County, Maine, **MICHAEL MARTINELLI,** did operate a motor vehicle while under the influence of intoxicants.  **MICHAEL MARTINELLI** failed to submit to a test at the request of a law enforcement officer.

At the hearing on Martinelli's motion to dismiss, the parties agreed that the incident giving rise to the complaint in 3461 occurred shortly after midnight on May 6, 2015.  Martinelli was convicted of the charge after a jury trial held November 16-17, 2016; the court (*Mallonee, J.*) entered judgment and sentenced Martinelli to four days' incarceration in the Penobscot County Jail, a $600 fine, and a 150-day license suspension.  Martinelli did not appeal.

[¶3]  On June 3, 2015, about three months before the complaint in 3461 was filed, the State had charged Martinelli with OUI (Class D), also alleging a violation of 29-A M.R.S. § 2411(1-A)(C)(1), in a complaint assigned docket number PENCD-CR-2015-01568 (hereinafter 1568).[1]  At the hearing, the

---

[1] It is unclear why the two complaints proceeded separately, or with such different timelines.

parties agreed that the incident giving rise to this complaint occurred at about 11:30 p.m. on May 6, 2015, just under twenty-four hours after the incident charged in 3461. As later amended, the charging language of the two complaints is identical.

[¶4] On November 29, 2016, Martinelli moved to dismiss the complaint in 1568 with prejudice on the ground that forcing him to defend against the charge violated his rights under the federal and state constitutions to be free from double jeopardy. The court held a hearing and denied the motion by written order, concluding that "the State has met its burden of demonstrating that this case does not involve the same conduct for which Defendant has already been convicted." Martinelli filed this interlocutory appeal, which we entertain as an exception to the final judgment rule. *State v. Hoover*, 2015 ME 109, ¶ 10 n.1, 121 A.3d 1281.

## II. DISCUSSION

[¶5] Martinelli is protected from being "twice put in jeopardy of life or limb" by the United States and Maine Constitutions, which afford coextensive protections. U.S. Const. amend. V; Me. Const. art. I, § 8; *Ayotte v. State*, 2015 ME 158, ¶ 12, 129 A.3d 285. Pertinent to this case, "[t]he constitutional prohibitions against double jeopardy prohibit . . . a second prosecution for the

4

same offense after conviction[] and . . . multiple punishments for the same offense." *Ayotte*, 2015 ME 158, ¶ 13, 129 A.3d 285 (quotation marks omitted). We review the trial court's double jeopardy determination de novo. *Id.* ¶ 12.

[¶6] Martinelli contends that, for the purpose of invoking his double jeopardy protections, "[b]ecause the allegations in [3461] are not more specific than alleging OUI on May 6, 2015, in Bangor, Penobscot County, these allegations are broad enough to include an OUI anytime on May 6, 2015, and anywhere within Bangor." In his view, that problem cannot be cured by simply amending the complaint in 1568 to include additional, potentially distinguishing details, because those facts "would necessarily be included within the non-specific allegations of [3461]."

[¶7] Relevant to Martinelli's argument, in assessing whether successive complaints violate the Double Jeopardy Clause, we have said that

> [b]ecause a person, by one act or transaction, may violate multiple criminal laws, courts apply the *Blockburger* test to determine whether the crimes enumerated by those multiple statutes are the same offense for purposes of double jeopardy protections. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). The test asks whether each statutory provision requires proof of a fact that the other does not. If each statutory provision requires a unique proof of fact, the *Blockburger* test is satisfied and there is no double jeopardy violation by subsequent prosecutions or multiple punishments.

*Id.* ¶ 14 (citations and quotation marks omitted).

[¶8]  The parties' arguments may be summarized this way.  Martinelli contends that because the State chose to draft the two complaints to recite identical elements, he was charged twice with the same offense, and, applying the *Blockburger* test, the Double Jeopardy Clause requires the dismissal of 1568.[2]  In Martinelli's view, his concession that the complaints arose from different factual circumstances is irrelevant.  The State counters that because the factual circumstances giving rise to the two complaints are different, Martinelli committed two separate offenses, and so neither the *Blockburger* test nor the Double Jeopardy Clause is implicated.

[¶9]  The State's position is persuasive.  In *Blockburger*, the United States Supreme Court said that

> [t]he applicable rule is that where *the same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

284 U.S. at 304 (emphasis added); *see Ayotte*, 2015 ME 158, ¶ 14, 129 A.3d 285 (referring to the *Blockburger* test as applying to "one act or transaction").  Here, the parties agree that the two complaints did not arise from "the same act or

---

[2]  At oral argument, Martinelli agreed that the State could have avoided the issue he raises simply by drafting the complaints so as to include a differentiating feature in each, presumably the time of the offense, for example.

6

transaction," *Blockburger*, 284 U.S. at 304—they charge conduct separated by almost twenty-four hours. Applying the plain language of *Blockburger*, its test and double jeopardy analysis generally are inapplicable. Other courts are in accord with our analysis.[3]

[¶10] In sum, for the purpose of double jeopardy analysis, Martinelli committed (allegedly, in the case of 1568) two unrelated crimes on May 6, 2015. The answer to the trial court's question at the hearing—"So does the . . . Constitution . . . give [Martinelli] the right to . . . commit the same crime over and over again on the same day if the State is not precise enough to start putting times in their complaints?"—is no.[4] *See Hoover*, 2015 ME 109, ¶ 11,

---

[3] *See United States v. Trabelsi*, 845 F.3d 1181, 1198 (D.C. Cir. 2017) (Pillard, J., concurring) ("*Blockburger* permits a subsequent prosecution under an indictment listing identical legal elements so long as it charges a different set of facts. That much is obvious."); *Smith v. Montgomery Police Dep't*, No. 2:16-CV-156-WKW, 2016 U.S. Dist. LEXIS 177867, at *2 (M.D. Ala. Dec. 23, 2016) ("Charges arising out of different transactions or occurrences are not charges for the 'same offense' and do not implicate the Double Jeopardy Clause."); *United States v. Kee*, No. S1 98 CR 778 (DLC), 2000 U.S. Dist. LEXIS 8784, at *11 (S.D.N.Y. June 27, 2000) (stating, in discussing *Blockburger*, "Neither the principle of multiplicity nor the Double Jeopardy Clause prevents a defendant's being charged with more than one violation of the same statute where different acts underlie each violation."); *State v. Lola Mae C.*, 408 S.E.2d 31, 36 n.9 (W. Va. 1991) ("Since we conclude that factually two separate criminal acts have occurred, we find that the application of the [*Blockburger*] test . . . is inapplicable . . . ."); *State ex rel. G.E.*, 94 So. 3d 863, 867 (La. Ct. App. 2012) ("The [defendant's] argument that [the two charges] contain the same elements and therefore constitute double jeopardy is without merit. In the instant case, the charges . . . stem from different acts or transactions."); *State v. Jordan*, No. 14AP-978, 14AP-979, 2015 Ohio App. LEXIS 4353, at ¶ 16 (Ohio Ct. App. Oct. 27, 2015) ("If the offenses charged are separate and distinct because they arise from different transactions, and different evidence is required to prove each, then double jeopardy is not applicable." (quotation marks omitted)).

[4] In his brief, Martinelli argues that his position is supported by the "same conduct" test announced by the Supreme Court in *Grady v. Corbin*, 495 U.S. 508, 521 (1990), which we applied in

121 A.3d 1281 ("The double jeopardy clause bars multiple punishments for the *same offense*." (emphasis added) (quotation marks omitted)).

The entry is:

Order denying motion to dismiss affirmed.

---

Jeffrey M. Silverstein, Esq. (orally), Silverstein-Law, PA, Bangor, for appellant Michael Martinelli

R. Christopher Almy, District Attorney, and Mark A. Rucci, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2015-1568
<small>FOR CLERK REFERENCE ONLY</small>

---

*State v. Ricci*, 611 A.2d 572, 573-75 (Me. 1992).  After *Ricci* was decided, *Grady* was overruled by *United States v. Dixon*, 509 U.S. 688, 704, 711-12 (1993).