MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 97
Docket:      Ken-19-413
Argued:      May 11, 2020
Decided:     July 14, 2020

Panel:       MEAD, GORMAN, HUMPHREY, HORTON, and CONNORS, JJ.

STATE OF MAINE

v.

AUBREY ARMSTRONG

GORMAN, J.

[¶1]  After Aubrey Armstrong was convicted of both felony murder and the underlying felony of robbery and sentenced on both charges, he appealed, successfully arguing that the two convictions violated his right to be free from double jeopardy.  *See State v. Armstrong*, 2019 ME 117, ¶¶ 1, 24-26, 212 A.3d 856.  Armstrong now challenges the trial court's actions on remand. Because we conclude that the court erred, we again vacate the judgment.

I.  BACKGROUND

[¶2]  The details of Armstrong's crime, arrest, and trial are set forth in our opinion in the first appeal.  *See Armstrong*, 2019 ME 117, ¶¶ 3-15, 212 A.3d 856.  As relevant here, in May of 2018, after a jury-waived trial, the court (Kennebec County, *Billings, J.*) found Armstrong guilty of felony murder

2

(Class A), 17-A M.R.S. § 202(1) (2020), and robbery (Class A), 17-A M.R.S. § 651(1)(C) (2020). The court entered a judgment and conviction on both counts, sentencing Armstrong to thirty years in prison on the felony murder count and a concurrent thirty-year sentence, with all but twenty-nine years suspended and four years of probation, on the robbery count.

[¶3] Armstrong appealed, arguing that the multiple convictions violated the double jeopardy clauses of the Maine and federal constitutions. *Armstrong*, 2019 ME 117, ¶¶ 24-26, 212 A.3d 856. We agreed and, in July of 2019, vacated the judgment and remanded for the court to "take appropriate action to eliminate the double jeopardy effect . . . by merging the two counts into a single defined count . . . and then imposing sentence on the merged count." *Id.* ¶ 26.

[¶4] In October of 2019, the court convened a hearing to address our mandate and to resentence Armstrong. Instead of the court merging the counts, however, the robbery count was dismissed by the State. The court also denied Armstrong's request for a full sentencing hearing, explaining that it was "unconstitutional for [Armstrong] to be sentenced on both counts, and we are here today to alleviate that circumstance, and we will do that by having an amended [judgment and conviction] sentencing him to [thirty] years on [the felony murder count]." The court also stated that "it is not a resentencing, it is

simply an amended [judgment and conviction]," and entered an amended judgment accordingly.

[¶5] Armstrong timely appealed from the amended judgment and filed an application for leave to appeal from his sentence, which the Sentence Review Panel granted. *See* 15 M.R.S. §§ 2115, 2151 (2020); M.R. App. P. 2A, 2B(b), 20; *State v. Armstrong*, No. SRP-19-432 (Me. Sent. Rev. Panel Dec. 13, 2019).

## II. DISCUSSION

[¶6] Armstrong argues that the trial court erred by allowing the State to dismiss the robbery count on remand, rather than merging it into the felony murder count, and that this error resulted in the court's failure to sufficiently ameliorate the double jeopardy problem by resentencing him on a merged count in accordance with our mandate in his first appeal.

[¶7] The double jeopardy clauses of the Maine and federal constitutions prohibit, among other things, "multiple punishments for the same offense."[1] *State v. Martinelli*, 2017 ME 217, ¶ 5, 175 A.3d 636 (quotation marks omitted). This prohibition can easily conflict with the ubiquitous and necessary prosecutorial practice of charging multiple, duplicative counts for the same

---

[1] To determine whether two crimes constitute the same offense for double jeopardy purposes, we employ the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See State v. Martinelli*, 2017 ME 217, ¶¶ 5-10, 175 A.3d 636.

4

criminal act;[2] if the duplicative counts are not identified and the problem resolved before conviction and sentencing, the double jeopardy clause is violated. *See Ball v. United States*, 470 U.S. 856, 864-65 (1985) ("[A] second conviction [for the same offense], even if it results in no greater sentence, is an impermissible punishment."); *State v. Allard*, 557 A.2d 960, 962 (Me. 1989).

[¶8] In addressing cases where the double jeopardy issue was addressed by the trial court, we have uniformly held that the trial court practice of consolidation or merger is appropriate. *See State v. Bellavance*, 2013 ME 42, ¶ 21, 65 A.3d 1235; *State v. Bagley*, 507 A.2d 560, 562-63 (Me. 1986). Our holdings and dispositions in cases where the double jeopardy violation was discovered only on appeal, however, have been less consistent. In some cases, we have directed that when a defendant is found guilty on multiple charges for the same offense, "court action to consolidate the duplicative counts is appropriate" to avert a double jeopardy violation. *State v. Robinson*, 1999 ME 86, ¶¶ 12-15, 730 A.2d 684. In these cases, we have either consolidated the duplicative verdicts pursuant to our own authority or, as we did in Armstrong's

---

2 The State may decide to charge and pursue multiple charges because, as we have noted, "no analytical resource or process available to the State in advance of trial will permit the State to determine safely which of the two alternatives will best fit [the] totality of evidence" ultimately adduced at trial. *State v. Hickey*, 459 A.2d 573, 579-83 (Me. 1983); *see* 17-A M.R.S. § 13-A (2020).

first appeal, directed the trial court to do so.  *See, e.g.*, *id.* ¶ 15; *State v. Fournier*, 617 A.2d 998, 999-1001 (Me. 1992); *Allard*, 557 A.2d at 962-63.

[¶9]  In other cases, however, we have directed a trial court to simply dismiss one of the duplicative counts.  *See, e.g.*, *State v. Paquin*, 2020 ME 53, ¶ 29, --- A.3d ---; *State v. Murphy*, 2015 ME 62, ¶ 28, 124 A.3d 647 (remanding "to the trial court for identification of the single count of which [the defendant] was convicted, dismissal of the [duplicative] counts, and entry of a final sentence on the merged charge").  In still others, we have vacated a duplicative *conviction* without providing any guidance for the disposal of the duplicative underlying *verdicts*.  *See State v. Thornton*, 540 A.2d 773, 776-77 (Me. 1988); *State v. Poulin*, 538 A.2d 278, 279 (Me. 1988).

[¶10]  As this case demonstrates, the lack of attention we have given to the question of whether merger or dismissal is the proper remedy for a double jeopardy violation resulting from multiple punishments can cause uncertainty regarding the distinct question of whether resentencing is required on the single remaining conviction.  Although the difference between merging and dismissing counts will not necessarily be significant in any given case— particularly when the double jeopardy violation lingers until appeal, which may explain the inconsistency in our pronouncements on the issue—the decision

6

can carry consequences. For instance, a double jeopardy violation resulting from multiple punishments may be identified after conviction but before appeal, in which case merger will allow the court to correct an impermissible sentence, *see* M.R.U. Crim. P. 35, without jeopardizing the duplicative findings of guilt should an appeal later vacate one of those findings.

[¶11] We take this opportunity to state a uniform rule of practice: when a trial results in multiple verdicts for the same offense, the appropriate procedure to prevent a double jeopardy violation is to merge, not dismiss, the duplicative counts. If a double jeopardy violation is discovered on appeal, we will vacate the convictions and remand for merger of the duplicative counts. The result of this procedure will be multiple findings of guilt but only one conviction and one sentence.

[¶12] Merger is the correct remedy because it prevents the constitutional injury while preserving multiple verdicts. A mere finding of guilt, by itself, does not constitute punishment for double jeopardy purposes and, therefore, multiple verdicts for the same offense do not violate the double jeopardy clause. *See, e.g.*, *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006). If one of those verdicts is later vacated—whether by the trial court or on appeal—revival of an improvidently dismissed, rather than merged, count

could raise independent double jeopardy problems. *See United States v. Rivera*, 872 F.2d 507, 508-09 (1st Cir. 1989). Consistent orders of merger will also avoid obscuring the substantive question of whether resentencing is required when a duplicative conviction is vacated. This is a question of substantial justice that depends on the particular circumstances of each case, including whether and to what extent the sentences imposed on the duplicative convictions were "interrelated." *State v. Conroy*, 2020 ME 22, ¶ 27, 225 A.3d 1011.

[¶13] Here, despite our mandate, the duplicative robbery count was dismissed rather than merged with the felony murder count.[3] Also, the court simply reimposed its previous sentence on the felony murder conviction rather than resentencing Armstrong on a new, merged conviction, as required by our mandate. *See Armstrong*, 2019 ME 117, ¶ 26, 212 A.3d 856. It is axiomatic that a trial court must "conform with the directions of the appellate court on remand." *United States v. Dávila-Félix*, 763 F.3d 105, 109 (1st Cir. 2014); *see*

---

[3] The court's failure to follow our mandate to merge the duplicative count may have been influenced by the parties. According to the State's brief, during an unrecorded chambers conference before the hearing, Armstrong objected to merger of the counts. The State then elected to dismiss the robbery count.

8

*Meiners v. Aetna Cas. & Sur. Co.*, 663 A.2d 6, 8 (Me. 1995); *Farnsworth v. Whiting*, 106 Me. 543, 546 (1910).[4]

[¶14] In order to resentence Armstrong on the merged conviction, the trial court was required to hold a new sentencing proceeding at which both parties could be heard, *see State v. Lacourse*, 2017 ME 75, ¶¶ 16-17, 159 A.3d 847, and conduct a new sentencing analysis pursuant to 17-A M.R.S. § 1602 (2020).[5] Its failure to do so deprived Armstrong of a substantial right.

[¶15] We therefore have no choice but to vacate the judgment and remand for resentencing on a single conviction reflecting the merged counts.[6]

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

[4] Although the State contends that Armstrong's original sentences were not sufficiently interrelated to require resentencing, our decision and mandate in Armstrong's first appeal demonstrate that we reached a contrary conclusion. *See State v. Armstrong*, 2019 ME 117, ¶ 26, 212 A.3d 856.

[5] Title 17-A M.R.S. § 1252-C (2018) was in effect at the time of Armstrong's initial sentencing but has since been repealed and replaced. *See* P.L. 2019, ch. 113, §§ A-1 to A-2 (effective May 16, 2019). The new version, which had taken effect by the time of the proceedings on remand, is codified at 17-A M.R.S. § 1602 (2020).

[6] Because we are vacating the judgment, Armstrong's pending sentence appeal is moot. *See State v. Armstrong*, No. SRP-19-432 (Me. Sent. Rev. Panel Dec. 13, 2019. We note that, because the trial court must sentence anew on remand—on a single, merged count, as we have just described—Armstrong may seek leave to appeal that new sentence, which he will never before have had the opportunity to challenge.

Rory A. McNamara, Esq. (orally), Drake Law, LLC, Berwick, for appellant Aubrey Armstrong

Aaron M. Frey, Attorney General, and Leanne Robbin, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2016-172
FOR CLERK REFERENCE ONLY