MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:     2017 ME 75
Docket:       Yor-16-160
Argued:       December 15, 2016
Decided:      April 27, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

NATHAN J. LACOURSE

HUMPHREY, J.

[¶1]  Based on events occurring during his ten-year-long marriage to the victim, Nathan J. Lacourse was convicted after a jury trial of domestic violence assault, domestic violence stalking, and endangering the welfare of a child.

[¶2]  Lacourse now appeals from the judgment of conviction entered by the trial court (York County, *O'Neil, J.*) as to the charge of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2016).  We conclude that the trial record contains insufficient evidence for the jury to find, beyond a reasonable doubt, that the conduct forming the basis for that crime occurred within the applicable limitations period.  We therefore must vacate the judgment of conviction and remand for entry of a judgment of acquittal on the domestic

violence assault charge.  We also remand for the court to determine whether resentencing is necessary as to the stalking and endangering the welfare of a child charges.

## I.  BACKGROUND

[¶3]  Although, as noted above, Lacourse was also convicted of domestic violence stalking and endangering the welfare of a child, he challenges only the domestic violence assault conviction on appeal.  We therefore do not discuss facts relevant only to his other convictions.

[¶4]  Viewing the evidence in the light most favorable to the State, the jury rationally could have found the following relevant facts beyond a reasonable doubt.  *See State v. Fay*, 2015 ME 160, ¶ 2, 130 A.3d 364.  At some point during Lacourse's ten-year-long marriage with the victim, Lacourse hit the victim with a ruler on her lower back, causing her pain and leaving a welt.

[¶5]  On June 6, 2013, a York County grand jury returned an eight-count indictment charging Lacourse, in Count VII, with domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A).[1]  The portion of the indictment setting forth that charge stated:

---

[1]  The indictment contained the following additional charges: kidnapping (Class A), 17-A M.R.S. § 301(1)(A)(4) (2016) (Count I); assault (Class C), 17-A M.R.S. § 207(1)(B) (2016) (Count II); domestic violence terrorizing (Class D), 17-A M.R.S. § 210-B(1)(A) (2016) (Count III); domestic violence stalking (Class D), 17-A M.R.S. § 210-C(1)(A) (2016) (Count IV); domestic violence criminal

> On or about August 30, 2012, in Hollis, YORK County, Maine, **NATHAN J LACOURSE,** did intentionally, knowingly or recklessly cause bodily injury or offensive physical contact to [the victim]. This conduct was committed against a family or household member as defined by 19-A M.R.S.A. §4002(4).

As part of discovery, the State provided to Lacourse seventeen journals, or diaries, that the victim kept during the course of her relationship with Lacourse. One of the journals contained an entry dated "8/23/12"[2] stating that Lacourse struck the victim with a ruler "the other day." The same journal also contained an entry "written 8/29/12" describing an incident in which Lacourse squeezed the victim's hand to the point of causing pain and would not let go.

[¶6] Lacourse moved for a bill of particulars pursuant to M.R. Crim. P. 16(c)(1) (Tower 2012-2013),[3] arguing that the indictment was too vague for him to prepare his defense and asking the court to order the State to "confirm" that the domestic violence assault charge "correspond[ed] to" the

---

threatening (Class D), 17-A M.R.S. § 209-A(1)(A) (2016) (Count V); a second charge of domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2016) (Count VI); and endangering the welfare of a child (Class D), 17-A M.R.S. § 554(1)(C) (2011) (Count VIII). Title 17-A M.R.S. § 554(1)(C) was amended in 2015, but the amendment is not relevant to this appeal. *See* P.L. 2015, ch. 358, § 3 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 554(1)(C) (2016)).

   [2] Lacourse's assertion on appeal that this entry is dated "8/03/2012" is not supported by the record.

   [3] The Maine Rules of Unified Criminal Procedure did not take effect in York County until July 1, 2015, after the judgment of conviction was entered in this case. *See* M.R.U. Crim. P. 1(e)(3). All references to court rules in this opinion are to the rules in effect when these proceedings took place.

incident described in the journal in which Lacourse squeezed the victim's hand. The court (*O'Neil, J.*) denied Lacourse's motion.

[¶7] A jury trial was held on December 10 through December 13, 2013. During the State's opening statement, the prosecutor referred to an "instance[] of physical abuse . . . where [Lacourse] hit [the victim] with a ruler on her back, hard enough to leave a mark." In a chambers conference after opening statements, Lacourse argued that he had been unaware that the State would seek to introduce evidence of the "ruler" incident because the State had given him the impression, in an off-the-record conversation during the hearing on the motion for a bill of particulars, that the "hand squeeze" incident formed the factual basis for the domestic violence assault charge. After some discussion, the court required the State to "pick an event," and the prosecutor eventually indicated that the factual basis for the charge was "the slap with the ruler to her back."

[¶8] During trial, on direct examination, the victim testified that her marriage to Lacourse began in August 2003 and that she left the couple's home in March 2013. She described the "ruler incident" in response to the prosecutor's question, "During the course of your relationship was [Lacourse] ever physically abusive with you?" The victim testified that "he did hit me

with a ruler once on my lower back," but the State did not ask when the incident occurred, and the victim did not testify as to a specific date or time period. None of the victim's journals or journal entries was admitted in evidence at trial.[4]

[¶9] After the State rested, Lacourse moved for a judgment of acquittal, *see* M.R. Crim. P. 29, arguing, as to the domestic violence assault charge, that the State presented insufficient evidence for the jury to find him guilty. The court denied the motion. The jury found Lacourse guilty of domestic violence assault.

[¶10] Three days later, Lacourse filed a written motion for a judgment of acquittal, *see* M.R. Crim. P. 29(b), arguing principally that he was unfairly surprised at trial by the evidence about the "ruler" incident. He also stated that the jury "could not have found beyond a reasonable doubt that the conduct took place within the statute of limitations" because "the jury was never presented with any testimony or evidence regarding the date of the

---

[4] The court and the parties did discuss the admissibility of the journals. The court suggested that even if the State could demonstrate that a hearsay exception applied to portions of the journals, admission of a voluminous set of journal entries might pose an "unnecessary burden" on the jury and the trial process. Notwithstanding this discussion, the State sought to admit, as one exhibit, a box of all seventeen journals. The court rejected that approach but suggested that the State offer a "specifically delineate[d]" "subset" for the court's review. The State then proffered four of the journals, which "cover[ed] the periods from 2009 . . . to 2013" and comprised hundreds of pages of diary entries. After reviewing the entries during a lunch break, the court ruled that they were inadmissible because much of the content was irrelevant and much of it did not meet the requirements of any exception to the rule against hearsay.

6

ruler slapping incident." The court denied the motion. The court then entered a judgment of conviction and sentenced Lacourse on the domestic violence assault conviction to 364 days in jail, with all but six months suspended, and two years of probation with conditions that included completion of a certified batterer's intervention program.[5] Lacourse appealed.[6]

## II. DISCUSSION

### A. Statute of Limitations

[¶11] The criminal code provides that "[i]t is a defense that prosecution was commenced after the expiration of the applicable period of limitations." 17-A M.R.S. § 8(1) (2016). "The State is not required to negate any facts expressly designated as a 'defense[]' . . . unless the existence of the defense . . . is in issue as a result of evidence admitted at the trial that is sufficient to raise a reasonable doubt on the issue . . . ." 17-A M.R.S. § 101(1) (2012).[7] Evidence that "make[s] the existence of all the facts constituting [a] defense a

---

[5] The court ordered this sentence to be served consecutively to the sentence it imposed for the stalking conviction, which was 364 days in jail, unsuspended. On the conviction of endangering the welfare of a child, the court sentenced Lacourse to six months in jail, to be served concurrently with the sentence imposed on the stalking conviction.

[6] After we dismissed Lacourse's initial appeal as untimely, the trial court granted his petition for post-conviction review and granted him the right to file a new appeal.

[7] Title 17-A M.R.S. § 101(1) has been amended since the time of trial in this case, but the amendment is not relevant to our analysis. *See* P.L. 2015, ch. 431, § 35 (effective July 29, 2016) (codified at 17-A M.R.S. § 101(1) (2016)).

reasonable hypothesis for the fact-finder to entertain" is sufficient to place the defense "in issue" within the meaning of section 101(1). *State v. Graham*, 2004 ME 34, ¶ 12, 845 A.2d 558 (quotation marks omitted). If the evidence generates the defense, "the State must disprove its existence beyond a reasonable doubt." 17-A M.R.S. § 101(1).[8] Thus, relevant to this case, if a statutory defense was "in issue" within the meaning of section 101(1), the State was required to disprove the defense beyond a reasonable doubt.

[¶12] We review the record in the light most favorable to the defendant to determine whether the evidence generates a particular defense. *State v. Gagnier*, 2015 ME 115, ¶ 13, 123 A.3d 207. "[T]he State's burden to disprove a statutory defense generated by the evidence is the functional equivalent of the State's burden to prove all of the elements of the offense." *State v. Hernandez*, 1998 ME 73, ¶ 7, 708 A.2d 1022 (quotation marks omitted). To determine whether the State presented sufficient evidence to disprove a statutory

---

[8] Since 1997, the criminal code has also provided that the court is not required to instruct the jury "on an issue that has been waived by the defendant." 17-A M.R.S. § 101(1) (2012); *see* P.L. 1997, ch. 185, § 1 (effective Sept. 19, 1997). This portion of section 101(1) is irrelevant to our analysis for two reasons. First, the issue in this case is not whether the court should have instructed the jury on the statute of limitations. Even if it had, Lacourse would still have been entitled to a post-verdict judgment of acquittal, as we discuss *infra*. Second, there is no evidence in this record suggesting that Lacourse expressly waived the statute of limitations defense. *See State v. Berube*, 669 A.2d 170, 172 & n.2 (Me. 1995) (concluding that it was obvious error for the court to fail to instruct the jury on a partial statutory defense where the defendant did not assert—but also did not waive—the defense); *cf. State v. Ford*, 2013 ME 96, ¶¶ 11-17, 17 n.5, 82 A.3d 75 (declining to reach the question of whether self-defense and voluntary intoxication defenses were generated by the evidence because, in any event, the defendant expressly waived the defenses).

8

defense that has been generated by the evidence, therefore, we view the evidence "in the light most favorable to the State to determine whether a jury could rationally have found [the nonexistence of the defense] proven beyond a reasonable doubt." *State v. Adams*, 2015 ME 30, ¶ 19, 113 A.3d 583 (quotation marks omitted); *see United States v. Upton*, 559 F.3d 3, 9-10 (1st Cir. 2009) (reviewing the sufficiency of the evidence to determine whether the trial court should have granted the defendant's statute-of-limitations-based motion for a judgment of acquittal).

[¶13]  "A prosecution for a Class D or Class E crime must be commenced within 3 years after it is committed."  17-A M.R.S. § 8(2)(B) (2012).[9] A prosecution is commenced when the relevant charging document is filed, 17-A M.R.S. § 8(6)(B) (2016), and "[a] crime is committed when every element thereof has occurred, or if the crime consists of a continuing course of conduct, at the time when the course of conduct or the defendant's complicity therein is terminated," 17-A M.R.S. § 8(6)(A) (2016).  Here, because Lacourse was charged with domestic violence assault as a Class D crime, *see* 17-A M.R.S. § 207-A(1)(A), the applicable limitations period was three years, *see* 17-A M.R.S. § 8(2)(B).  The prosecution was commenced when the State filed

_____

[9]  An amendment to 17-A M.R.S. § 8(2) that is not relevant to our analysis took effect two months before trial in this case.  *See* P.L. 2013, ch. 392, § 1 (effective Oct. 9, 2013) (codified at 17-A M.R.S. § 8(2) (2016)).

the indictment on June 6, 2013. Criminal conduct occurring before June 6, 2010, was therefore outside the limitations period.

[¶14] Viewed in the light most favorable to Lacourse, *see Gagnier*, 2015 ME 115, ¶ 13, 123 A.3d 207, the victim's direct testimony was "sufficient to raise a reasonable doubt on the issue" of whether the alleged criminal conduct occurred within the limitations period, 17-A M.R.S. § 101(1). The victim testified that she and Lacourse had been married since August 2003, but no evidence was admitted describing when the conduct forming the factual basis for the domestic violence assault charge occurred. To the contrary, the victim described the "ruler" incident in response to a question about whether Lacourse was physically abusive "[d]uring the course of [the] relationship."[10]

[¶15] The State was therefore required to present evidence sufficient to prove, beyond a reasonable doubt, that the incident occurred during the limitations period, i.e., sometime on or after June 6, 2010. As the State all but conceded at oral argument, it did not do so, even viewing the record in the light most favorable to the State. *See Adams*, 2015 ME 30, ¶ 19, 113 A.3d

---

[10] The State's assertions at oral argument that in her testimony the victim described the "ruler" incident as occurring "later in the relationship" or "toward the end of the relationship" are not supported by the trial record.

583.[11] As Lacourse argued in his renewed motion for a judgment of acquittal, because the State introduced no evidence upon which a jury could rationally find, beyond a reasonable doubt, that the conduct at issue occurred on or after June 6, 2010, as opposed to at some earlier time, Lacourse was entitled to a judgment of acquittal.[12] *See State v. Borucki*, 505 A.2d 89, 90-91 (Me. 1986) (holding that testimony that an offense occurred "in April" was sufficient to generate a statute of limitations defense where the dates of April 1 and 2 were outside the limitations period, and remanding for entry of a judgment of acquittal because the State presented no evidence tending to disprove the defense); *see also State v. Thompson*, 1997 ME 109, ¶¶ 1, 7-8, 10, 695 A.2d 1174 (directing the entry of a judgment of acquittal where the evidence generated a statute of limitations defense but was insufficient for the jury to find that the crime was committed within the applicable limitations period). We must therefore vacate the judgment as to the domestic violence assault charge and remand for entry of a judgment of acquittal on that charge.

---

[11] Despite multiple invitations from the court for the State to sufficiently narrow the range of journal entries it sought to introduce, the State never offered a redacted version of the journal entry dated "8/23/12" in which the victim described the "ruler" incident. Neither did the State ask the victim, during her testimony, when the event took place, which prevented it from refreshing her recollection using the relevant journal entry if she did not remember. *See* M.R. Evid. 612.

[12] Because we agree with Lacourse that he was entitled to a judgment of acquittal, we do not address his principal arguments that the court (1) should have granted his motion for a bill of particulars on the domestic violence assault charge and (2) acted too late in ultimately requiring the State to specify the factual basis for that charge.

B.    Sentencing

[¶16]  Although only Lacourse's conviction for domestic violence assault has been vacated, resentencing as to stalking and endangering the welfare of a child may be necessary to the extent that the sentences the court imposed were interrelated.  *See State v. Carr*, 1997 ME 221, ¶¶ 15-16, 704 A.2d 353; *State v. Bunker*, 436 A.2d 413, 419 (Me. 1981).  The court did not expressly indicate, during the sentencing hearing, whether the sentences imposed on the domestic violence stalking and endangering the welfare of a child charges were affected by the sentence imposed on the domestic violence assault charge.  The record does, however, suggest that the court viewed each crime in the context of the others.  *See Carr*, 1997 ME 221, ¶¶ 15-16, 704 A.2d 353. For example, in discussing the sentence for the stalking charge, the court referred to "a series of episodes" taking place over time, potentially referring to the "ruler" incident as one of those "episodes."  The court also determined that the domestic violence assault sentence would be consecutive not because it stemmed from separate conduct, *see* 17-A M.R.S. § 1256(2)(A) (2016), but because the assault was particularly serious due to its role as "part of a pattern of a[n] exercise of extreme power and control over [the victim]," *see* 17-A M.R.S. § 1256(2)(D) (2016).

[¶17] We therefore remand this case with instructions for the court to first determine whether the sentences imposed for stalking and endangering the welfare of a child were affected by the sentence imposed for assault. *See Carr*, 1997 ME 221, ¶¶ 15-16, 704 A.2d 353; *Bunker*, 436 A.2d at 419. If the court determines that the sentences were interrelated, it shall resentence Lacourse on the stalking and endangering charges after "a new sentencing proceeding at which both [Lacourse] and the State may be heard." *Bunker*, 436 A.2d at 419.

The entry is:

> Judgment vacated as to Count VII. Remanded for entry of a judgment of acquittal on Count VII and for further proceedings consistent with this opinion.

---

Jamesa J. Drake, Esq. (orally), Drake Law, LLC, Auburn, for appellant Nathan J. Lacourse

Kathryn Loftus Slattery, District Attorney, and Thomas R. Miscio, Esq. (orally), Prosecutorial District #1, Alfred, for appellee State of Maine