MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2025 ME 78
Docket:          Aro-24-106
Submitted
  On Briefs:     November 25, 2024
Decided:         August 19, 2025

Panel:           STANFILL, C.J., and HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

## STATE OF MAINE

v.

## ERNEST FYANS

LAWRENCE, J.

[¶1]  Ernest Fyans appeals from a judgment entered after a jury trial by the court (Aroostook County, *Nelson, J.*) convicting him of one count of gross sexual assault (Class A), 17-A M.R.S.A. § 253(1)(B) (1989),[1] and one count of unlawful sexual contact (Class B), 17-A M.R.S.A. § 255(1)(C) (1989).[2]  Fyans

---

[1] The statute has since been amended but not in any way that affects the present case.  P.L. 2003, ch. 711, § B-2 (effective July 30, 2004) (codified at 17-A M.R.S. § 253(1)(B) (2025)).

[2] Although the 1989 version of this statute, which was effective at the time of the offense, required that the victim be younger than fourteen years of age, the indictment charges Fyans with "intentionally subject[ing] Child B, who was in fact less than 12 years of age, to sexual contact." Regarding this issue, the State requested that the court instruct the jury that the indictment required that the child be under twelve years old for purposes of Count 2, but the lesser included offense would be that the child was under fourteen years old.  The defense stated that there was an error on the charging instrument and moved to dismiss Count 2 on that basis.  The court denied the State's request to add a jury instruction on a lesser included offense and denied defense counsel's motion to dismiss because "[i]n this instance, the State alleged that it was a young child which could have been alleged to be under the age of 14, but the State elected to proceed with a charge that the child was under 12,

2

argues that the court erred when it denied his motions for acquittal because there was insufficient evidence of Fyans's residence at the time that the statute of limitations would have expired as it applied to Count 2 and of the victims' ages and marital statuses. Fyans also argues that the court erred when it denied his motion to dismiss Count 2 based on pre-indictment delay. Finally, Fyans argues that the court erred in its specific unanimity instructions to the jury, although he did not object to the jury instructions at trial. We conclude that there was sufficient evidence to support the jury's verdict as to the age and the marital-status elements of the charged offenses but insufficient evidence to support the determination that Count 2 was not barred by the statute of limitations. We therefore affirm the judgment as to Count 1 but vacate it as to Count 2.[3]

## I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the verdict, the jury rationally could have found the following facts. *See State v. Fay*, 2015 ME

---

which certainly qualifies as defining a crime under the statute . . . ." The court thus concluded that "less than 12 years of age" allegation captured the "under 14" charge.

[3] Because we vacate the conviction as to Count 2, we do not reach the issues of pre-indictment delay and specific unanimity instructions.

160, ¶ 2, 130 A.3d 364.  Ernest Fyans, Child A, and Child B[4] were members of the Fort Kent Congregation of Jehovah's Witnesses (the Congregation) at the time of the incidents at issue in this case.  Between January 1, 1990, and December 31, 1992, Fyans, who was an adult at the time, sexually assaulted Child A, who was four years old, by putting his penis into her vagina.  Child A did not tell her mother what happened at the time because Fyans threatened to kill a kitten if Child A told anyone.[5]  In 2002, when she was about sixteen years old, Child A told her mother and the police that Fyans had assaulted her.

[¶3]  Between January 1, 1990, and December 31, 1992, Fyans subjected Child B to sexual touching, starting when Child B was about ten years old and continuing until she was about thirteen years old, by touching Child B's vagina and breasts under her clothes and underwear with his fingers.  Child B did not tell her parents what Fyans was doing to her at the time because Fyans threatened to kill her and her family if she told anyone.  In 2021, when she was about forty-two years old, Child B told a police detective about this sexual abuse.

---

[4]  The victims are no longer children, but they were children at the time of the offenses, so this opinion refers to them as "Child A" and "Child B," as the trial court did.

[5]  The kitten belonged to Child B's family, in whose trailer Fyans sexually assaulted Child A.

4

[¶4]  Fyans moved to Connecticut between March and July 1992, and he lived there until at least January 1995.  At some point in 2002, Fyans may have moved to Palmer, Massachusetts, and he reportedly was still living in Massachusetts as of 2021.

[¶5]  On August 30, 2021, Fyans was charged by complaint with the following:

- Count 1: Gross sexual assault (Class A), 17-A M.R.S.A. § 253(1)(B), on or between January 1, 1990, and December 31, 1992, in Fort Kent, Aroostook County, Maine; and

- Count 2: Unlawful sexual contact (Class B), 17-A M.R.S.A. § 255(1)(C), on or between January 1, 1990, and December 31, 1992, in Fort Kent, Aroostook County, Maine.

In October 2021, an indictment was filed.  Jury selection occurred on September 18, 2023, and the court held a jury trial on September 19 and 20, 2023.[6]  The court heard testimony from both victims, Fyans's daughter, the State Police detective who was the primary investigative officer in this case, a child protective worker for the Department of Health and Human Services, and a former State Police detective.  Both victims testified as to their dates of birth. The court also admitted as exhibits a letter from Fyans to his daughter, a

---

[6] Between the filing of the indictment in 2021 and the jury trial in 2023, various procedural events not relevant to this appeal occurred.

demand letter and notice of claim prepared on behalf of Child B,[7] and a statement written by Child A.

[¶6]  After the close of evidence on the first day of trial, Fyans made an oral motion for judgment of acquittal as to both counts based on insufficient evidence and the expiration of the limitations period.  *See* M.R.U. Crim. P. 29. The court denied the motion as to Count 1 because it determined that there was no statute of limitations applicable to Count 1 and that a rational juror could find proof of guilt beyond a reasonable doubt.  The court also denied the motion as to Count 2, determining that a reasonable jury could find the elements proved beyond a reasonable doubt, including that the offense had been committed and the statute of limitations tolled due to Fyans's absence from Maine.  Fyans then made a motion to strike Count 1, arguing that the lack of an applicable statute of limitations limited his due process rights, and this motion was denied.  Fyans renewed his Rule 29 motion on the same bases on the second day of trial at the close of evidence, and the motion was again denied.

---

[7] On January 13, 2025, Child B filed a civil tort claim alleging childhood sexual abuse by members of the Congregation and Watchtower Bible & Tract Society of New York, Inc.  Defense counsel introduced the demand letter and claim notice because of the implications that Child B's testimony in this criminal trial might have been motivated by the possible damages she would be awarded in the civil lawsuit.

6

Fyans also made a written motion to dismiss Count 2 based on pre-indictment delay. This motion was also denied.

[¶7] The jury returned a verdict of guilty on both counts.

[¶8] The court held a sentencing hearing on February 23, 2024, and sentenced Fyans to twenty years in prison as to Count 1 and a concurrent five years in prison as to Count 2. Fyans timely appealed the conviction. M.R. App. P. 2B(b)(1). Fyans also applied to appeal his sentence, but the Sentence Review Panel denied him leave to appeal from his sentence.

## II. DISCUSSION

### A. Sufficiency of the Evidence

[¶9] When the sufficiency of the evidence is challenged, "[w]e view [the] evidence in the light most favorable to the prosecution and determine whether any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Pelletier*, 534 A.2d 970, 972 (Me. 1987). "On appeal, we review the denial of a motion for judgment of acquittal by viewing the evidence in the light most favorable to the State to determine whether a jury could rationally have found each element of the crime prove[d] beyond a reasonable doubt. The jury may draw all reasonable inferences from the

evidence presented at trial." *State v. Williams*, 2020 ME 17, ¶ 19, 225 A.3d 751 (citation, alteration, and quotation marks omitted).

[¶10]  Fyans argues that the court erred in denying his motions for a judgment of acquittal.  Specifically, he argues that there was insufficient evidence to support the jury's verdict because "various necessary elements of proof were not produced during the trial which included the alleged victim[s'] marital status[es], the age difference between Mr. Fyans and [Child B] [and] the location of Mr. Fyans' residence during the crucial period when the statute of limitations would have expired as it applied to Count [2]."

[¶11]  The State argues that the victims' ages and marital statuses—that neither were married to Fyans—could be inferred from their testimony.  The State further contends that the "evidence, viewed in the light most favorable to the jury's verdict, could support the conclusion that [Fyans] moved away from the State of Maine in the year 1992 and remained away from the State of Maine until after the effective date of the amended statute of limitations."  The State does not address Fyans's argument that there was no proof of the age difference between Fyans and Child B.

i. **Marital-status Element**

[¶12]  Under the law in effect at the time of the alleged offenses, a person is guilty of gross sexual assault (Class A) "if that person engages in a sexual act with another person and . . . [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years."  17-A M.R.S.A. § 253(1)(B).

[¶13]  Under the law in effect at the time, "[a] person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and . . . [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older."  17-A M.R.S.A. § 255(1)(C).

[¶14]  Here, the victims did not testify that they were not married to Fyans, but the circumstantial evidence adduced at trial was more than sufficient to support a finding that Fyans was not married to either of the victims.  *See State v. DesRosiers*, 2024 ME 77, ¶ 24, 327 A.3d 64 (articulating that "circumstantial evidence may suffice" to establish that a defendant and a minor victim were not married).  The victims both testified that they knew Fyans through the Congregation.  Child A testified that she lived with her parents at the time that Fyans sexually assaulted her, which suggests that she did not live with Fyans.  Further, experience and common sense suggest that Child A was

not married to Fyans at the time because she was only four years old. Child B testified that Fyans sexually assaulted her in the bedroom that Fyans and his wife shared, implying that Fyans was married to someone else. Child B also testified that she was ten years old at the time of the offense. These facts taken together effectively compel the inference that Child B was not married to Fyans at that time. *See United States v. Ortiz*, 966 F.2d 707, 712 (1st Cir. 1992) ("When assessing sufficiency challenges in criminal cases, we have remarked, time and again, that factfinders may draw reasonable inferences from the evidence based on shared perceptions and understandings of the habits, practices, and inclinations of human beings. Thus, jurors are neither required to divorce themselves from their common sense nor to abandon the dictates of mature experience.").

### ii.   Age

[¶15]   There is sufficient circumstantial evidence of Fyans's age in relation to Child B's age for the purposes of Count 2, which requires that the actor be at least three years older than the victim. *See* 17-A M.R.S.A. § 255(1)(C). According to the indictment, Fyans's date of birth is February 24, 1939, and Child B testified that she was born on July 25, 1979. Although the indictment was not admitted in evidence and the State did not present evidence

of Fyans's age at trial,[8] the jury did have ample opportunity to observe Fyans's and Child B's appearances during the trial and draw inferences about their difference in age. The forty-year age difference between them would plainly support an inference that Fyans is and was well over three years older than Child B. *See State v. Weisbrode*, 653 A.2d 411, 415 (Me. 1995) ("The State presented no direct evidence of [the defendant's] age. Circumstantial evidence, however, is no less conclusive than direct evidence in supporting a conviction. *State v. Kenney*, 534 A.2d 681, 682 (Me. 1987). A jury is entitled to rely on circumstantial evidence and its own observations in comparing a victim's and a defendant's physical characteristics and demeanor to determine the age differential between them. *State v. Bickford,* 497 A.2d 138, 141 (Me. 1985).").

### iii. Statute of Limitations

[¶16] The parties agree that there was no statute of limitations applicable to Count 1, the charge of gross sexual assault involving a child under the age of fourteen. 17-A M.R.S. § 8(1) (1991); *see* P.L. 1991, ch. 585, §§ 1, 3 (effective Oct. 9, 1991). The statute defining the crime of unlawful sexual contact as alleged in Count 2, 17-A M.R.S. § 8(2)(A), that was in effect at the time

---

[8] The State mentioned Fyans's date of birth during its opening argument, but there was no stipulation as to his age.

of the offense, however, provided for a six-year limitations period. Fyans, citing 17-A M.R.S.A. § 8(1), (2)(A) (Supp. 1997); 17-A M.R.S.A. § 8(1), (2)(A) (Supp. 1998), amended by P.L. 1999, ch. 438, §§ 1-2 (effective Sept. 18, 1999), argues that for the purposes of Count 2, there was insufficient evidence that Fyans lived outside the State of Maine for the minimum period required by statute to toll the statute of limitations. The State argues that the evidence was sufficient for the jury to find that the statute of limitations was tolled and had not expired when the prosecution commenced.

[¶17] In 1999, the Legislature amended 17-A M.R.S. § 8(1)(B) to eliminate the statute of limitations for unlawful sexual contact, but only if the limitations period had not yet expired as of the amendment's effective date. P.L. 1999, ch. 438, §§ 1-3 (effective Sept. 18, 1999) (codified at 17-A M.R.S. § 8 (2025)). *See State v. Reynolds*, 2018 ME 124, ¶ 31, 193 A.3d 168. The indictment alleged that the unlawful sexual contact occurred between January 1, 1990, and December 31, 1992. Therefore, unless the six-year limitations period had been tolled until after September 18, 1999, the prosecution would be barred.

[¶18] The limitations period may be tolled "[d]uring any time when the accused is absent from the State, but in no event shall this provision extend the

period of limitation otherwise applicable by more than 5 years." 17-A M.R.S. § 8(3)(A). The expiration of the limitations period is a defense that the State must disprove beyond a reasonable doubt when, as here, the defense is generated. *State v. Lacourse*, 2017 ME 75, ¶ 11, 159 A.3d 847. As applied to the facts of this case, then, the burden was on the State to prove beyond a reasonable doubt that Fyans was absent from Maine for a sufficient period to toll the limitations period at least until September 18, 1999.

[¶19] We review the evidence of tolling in the light most favorable to the defendant. *Lacourse*, 2017 ME 75, ¶ 12, 159 A.3d 847. Fyans's daughter testified that Fyans moved to Enfield, Connecticut sometime between March 19, 1992, and the end of June 1992. She testified that he was still living there in January 1995, but that she became estranged from Fyans and had no contact with him between January 1995 and 2002, when she saw him at a funeral. At the time of the 2002 funeral, Fyans was living in Massachusetts. There was no evidence presented as to where Fyans lived from January 1995 through 2002.

[¶20] Because the State alleged in its October 14, 2021, indictment that the Count 2 offense of unlawful sexual contact occurred between January 1, 1990, and December 31, 1992, the offense could have occurred as early as January 1, 1990. The State also alleged that Child B was less than twelve years

old at the time of the offense, so the latest date that the offense could have occurred was July 24, 1991, the day before her twelfth birthday. There was no evidence from which the jury could determine exactly when the offense occurred within that range. If the offense occurred on January 1, 1990, and Fyans had not left Maine, the six-year limitations period would have expired on January 1, 1996; there was no evidence upon which to base a verdict that the offense occurred later than January 1, 1990.

[¶21] In order for the prosecution of the offense of unlawful sexual contact to be timely, the State had the burden to prove beyond a reasonable doubt that Fyans was absent from Maine long enough to extend the limitations period from January 1, 1996, to at least September 18, 1999, when the statute of limitations for unlawful sexual contact was eliminated, a period of three years and 261 days. Even viewing Fyans's daughter's testimony in the light most favorable to the State, the jury could find only that Fyans was absent from Maine from as early as March 19, 1992, until January 1995, a period of around two years and 287 days of tolling.

[¶22] The State can prevail, therefore, only if the testimony that Fyans was living in Massachusetts at some point in 2002 is sufficient to prove beyond a reasonable doubt that he *continued* to be absent from Maine, or was again

14

absent from Maine, for a total of at least 340 days after January 1995, when his daughter last saw him in Connecticut. It is not sufficient. There was no evidence of Fyans's location during this time. Thus, the State failed to prove that the limitations period for the offense of unlawful sexual contact did not expire before September 18, 1999.

[¶23] In *State v. Borucki*, the prosecution for unlawful sexual contact was commenced on April 3, 1984. 505 A.2d 89, 90-91 (Me. 1986). The victim testified that the offenses occurred in April 1978 and thus the evidence "generated a reasonable doubt as to whether the offense charged . . . was within the [six-year] statute of limitations." *Id.* at 91. We held that because the dates of April 1 and 2, 1984 were outside the limitations period (if the offenses occurred on April 1 and April 2, 1978)—even though the remaining twenty-eight days in April 1984 were within the limitations period—"the jury could not rationally have found beyond a reasonable doubt that the offense occurred within the statute of limitations." *Id.  Borucki* makes it unmistakably clear that probabilities are not enough: there must be actual evidence from which the jury can find that the offense occurred within the limitations period.

[¶24] The likelihood that Fyans was living in Massachusetts for more than seven years after he was last known to live in Connecticut in January 1995

is insufficient to prove beyond a reasonable doubt that his home *remained* outside of Maine for a total of at least 340 days after January 1995. He just as easily could have returned to Maine during that time, even if he later moved to Massachusetts. As with *Borucki*, there simply is no evidence from which the jury could "rationally have found beyond a reasonable doubt that the offense occurred within the statute of limitations." *Id.* Therefore, we vacate the judgment and remand to the trial court with instructions for the entry of a judgment of acquittal as to Count 2.

[¶25] Because the sentences are concurrent and we vacate the conviction as to Count 2, we also vacate the sentence as to Count 1 and remand for resentencing.

The entry is:

> Judgment affirmed as to Count 1 and vacated as to Count 2. Sentence vacated as to Count 1. Remanded with instructions for entry of a judgment of acquittal as to Count 2 and resentencing on Count 1.

---

Neil J. Prendergast, Esq., Fort Kent, for appellant Ernest Fyans

Todd R. Collins, District Attorney, and Matthew A. Hunter, Asst. Dist. Atty., 8th Prosecutorial District, Presque Isle, for appellee State of Maine

16

Aroostook County Unified Criminal Docket docket number CR-2021-20271